**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRENT VANDERZEE, individually and on behalf of all those similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois corporation doing business as UCHICAGO MEDICINE, <br><br> *Defendant.* | Case No. 25-cv-2207 <br><br> Illinois Case No. 2025CH00974 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and in accordance with the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, The University of Chicago Medical Center ("UCMC") removes the above-captioned case, presently pending in the Circuit Court of Cook County, Illinois, Case No. 2025-CH-00974 (the "Action"), to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal, UCMC states as follows:

**I. FACTUAL BACKGROUND**

1. On January 28, 2025, Plaintiff Trent VanderZee ("Plaintiff") commenced this action by filing a Class Action Complaint ("CAC") in the Circuit Court of Cook County, Illinois.

2. Plaintiff served the CAC on UCMC on February 5, 2025. A copy of all process, pleadings, and orders from the state court action are attached hereto as **Exhibit 1**. 28 U.S.C. § 1446(a). To date, proof of service has not been filed on the docket.

3. Plaintiff is a citizen of Lake County, Indiana. (CAC ¶ 16.)

4.     UCMC is an Illinois not-for-profit corporation with its principal place of business in Chicago, Cook County, Illinois. (CAC ¶ 14.) Accordingly, UCMC is a citizen of Illinois for purposes of 28 U.S.C. § 1332(c)(1).

5.     Plaintiff complains about UCMC's alleged practice of billing its patients and their financial guarantors ("Payors") at "retail" rates for replacement implantable medical devices that device manufacturers allegedly provided to UCMC at no-cost, or nominal cost, pursuant to their warranty obligations to patients ("Warranty Replacement Devices"). (CAC ¶¶ 1-6.)

6.     Plaintiff alleges that his minor child ("V.V.") was surgically implanted with a no-cost warranty replacement cochlear implant at UCMC on March 22, 2022, and that UCMC charged Plaintiff and his health insurer the "retail cost" for V.V.'s replacement cochlear implant device. (CAC ¶ 42.) Plaintiff alleges that UCMC billed $201,600 in total charges for V.V.'s Warranty Replacement Device, out of $251,298.95 in total statement charges. (CAC ¶ 45.) According to the CAC, Plaintiff paid $3,489.18 of such total amount, and his health insurer paid the adjusted remainder. (CAC ¶ 45.)

7.     Plaintiff alleges that the putative class includes "[a]ll individuals and entities who, during the applicable limitations period, received a medical bill or any other document from [UCMC] that included a monetary charge for a replacement implantable medical device, where [UCMC] received such replacement implantable medical device either at no cost or at a nominal cost, pursuant to the terms of a medical device warranty." (CAC ¶ 54.)

8.     Plaintiff also defines an "Advanced Bionics Cochlear Implant Subclass" ("Subclass") to include "[a]ll Class members whose replacement implantable medical devices were Advanced Bionics, LLC cochlear implants." (CAC ¶ 54.)

9. Plaintiff alleges that "there are hundreds or thousands of members of the Class and Subclass." (CAC ¶ 56.) Plaintiff alleges that "Plaintiff and members of the Class and Subclass were charged hundreds of thousands or millions of dollars more than the price that should have been charged to them, and in fact paid thousands or millions of dollars more in the form of copays and other out of pocket expenses for the Warranty Replacement Devices that [UCMC] procured at no-cost or a nominal cost." (CAC ¶ 78.)

10. Plaintiff asserts four causes of action against UCMC: Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Count I); Common Law Fraud (Count II); Unjust Enrichment (Count III); and Payment Under Mistake of Fact (Count IV).

11. Plaintiff seeks class certification, compensatory and punitive damages, declaratory and injunctive relief, prejudgment interest, attorneys' fees and costs, and "other relief" including that UCMC be required to implement an independent audit system to verify compliance with healthcare billing regulations. (CAC at Requested Relief, ¶¶ a-g.)

12. As set forth below, this Action is removable based on (1) complete diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), and (2) CAFA, pursuant to 28 U.S.C. § 1332(d).

## II. THIS COURT HAS ORIGINAL JURISDICTION BASED ON COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.

13. This Action is removable pursuant to 28 U.S.C. § 1441.

14. As set forth herein, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and UCMC.

### A. Amount in Controversy

15. The amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest and costs. The CAC alleges that UCMC billed Plaintiff and his health insurer $201,600 for V.V.'s Warranty Replacement Device, out of total billed charges amounting to $251,298.95. (CAC ¶ 45.) The CAC further alleges that Plaintiff was required to pay $3,489.18 to UCMC, and the remainder was adjusted and paid by his health insurer. (CAC ¶ 46.) As a result, Plaintiff's health insurer now has an allegedly "excessive health insurance subrogation/reimbursement lien claim" impacting Plaintiff and V.V.'s recovery in connection a product liability lawsuit that V.V. has brought against the device manufacturer. (CAC ¶ 46.) Such product liability lawsuit is unrelated to this Action and does not involve UCMC.

16. Plaintiff also seeks punitive damages and attorneys' fees (CAC at Requested Relief, ¶¶ a-g), which are appropriately considered when determining the amount in controversy. *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022).

17. UCMC denies that Plaintiff is entitled to any recovery whatsoever, but taking Plaintiff's allegations as true, the amounts Plaintiff claims in this case exceed $75,000, exclusive of interest and costs. *See infra* § III.C.

### B. There Is Complete Diversity of Citizenship Between the Parties

18. Plaintiff is a citizen of Indiana. (CAC ¶ 16.)

19. UCMC is a citizen of Illinois. (CAC ¶ 14.) *See* 28 U.S.C. § 1332(c)(1).

## III. THIS COURT HAS ORIGINAL JURISDICTION OVER THE REMOVED ACTION UNDER CAFA.

20. As demonstrated below, this Action is removable pursuant to CAFA. The Action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B), and 1453(a); the removal is timely; there is minimal diversity of citizenship between Plaintiff and UCMC, the only

Defendant (indeed, there is complete diversity of citizenship between the parties as explained above); there are at least 100 putative class members; and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See id.* § 1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453.

21. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

22. As specified in 28 U.S.C. § 1446(a), a defendant's notice of removal only needs to include plausible allegations supporting removal (together with a copy of all process, pleadings, and orders served upon the removing defendant); the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 84-85 (2014).

23. This Action is within the original jurisdiction of this Court pursuant to CAFA, 28 U.S.C. §1332(d), and removal is therefore proper. A federal court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The number of members of all proposed plaintiff classes in the aggregate cannot be less than one hundred. 28 U.S.C. § 1332(d)(5)(B). Thus, a state court class action may be removed (1) if any member of the class of plaintiffs is a citizen of a state different from any defendant, (2) the number of members of all proposed plaintiff classes in the aggregate is not less than one hundred, and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Each of the three requirements is satisfied here.

**A. Minimal Diversity of Citizenship Is Satisfied.**

24. This Action satisfies CAFA's requirements for diversity of citizenship. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—colloquially known as "minimal diversity").

25. As explained above, Plaintiff is a citizen of Indiana, while Defendant is a citizen of Illinois. (CAC ¶¶ 14, 16.) Thus, minimal diversity is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**B. Number of Putative Plaintiff Class Members Exceeds 100.**

26. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B).

27. Here, the number of putative Class members is alleged by Plaintiff to be more than 100. Plaintiff alleges that "there are hundreds or thousands of members of the Class and Subclass." (CAC ¶ 56.) Under any plausible reading of Plaintiff's allegations, the 100 member requirement is satisfied.

**C. The Amount in Controversy Exceeds $5 Million.**

28. A removing defendant satisfies CAFA's amount-in-controversy requirement if it presents a plausible "good faith estimate" that exceeds $5 million, supported by the preponderance of the evidence. *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017); *Schutte*, 28 F.4th at 854. Removal is proper unless it is legally impossible for the plaintiff to recover the jurisdictional amount. *Spivey v. Vertrue*, Inc., 528 F.3d 982, 986 (7th Cir. 2008). "A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Id.* (internal citation and quotation marks omitted). "To satisfy the amount-in-controversy requirement, a removing defendant may rely on the complaint's allegations [or] the plaintiff's informal estimates." *Schutte*, 28 F.4th at 854. All components of a plaintiff's damage

allegations count to the amount-in-controversy total, including punitive damages and attorneys' fees. *Id.* at 855.

29. Plaintiff alleges that he personally paid $3,489.18 out of pocket in connection with UCMC's billing practices. (CAC ¶ 46.) If individual class members totaled 1,500—"thousands"—compensatory damages to individual class members could exceed $5 million.

30. Plaintiff's Class includes not only individuals, but also "entities," such as health insurance companies. (CAC ¶ 54.) As mentioned above, Plaintiff's itemized charges for V.V.'s Warranty Replacement Device amounted to $201,600. (CAC ¶ 45.) Aggregated amongst "hundreds or thousands" of class members (CAC ¶ 56), the amount in controversy easily exceeds $5 million based on Plaintiff's own allegations. *See Schutte*, 28 F.4th at 855 (removing defendant "entitled to take at face value the complaint's allegation of 'several thousand' class members").

31. Further, punitive damages and attorneys' fees must also be considered when calculating the amount in controversy, *Schutte*, 28 F.4th at 854, because Plaintiff seeks punitive damages and attorneys' fees under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). (CAC ¶¶ 73–82.)[1] The U.S. Supreme Court has suggested that punitive damages up to a 9:1 ratio are constitutionally permissible. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Illinois has a similar "single-digit ratio" presumption and considers a 7:1 ratio constitutional in ICFA cases. *Gehrett v. Chrysler Corp.*, 379 Ill. App. 3d 162, 183 (2d Dist. 2008) (applying 7:1 and noting that "[p]unitive damages of more than four to one but less than double digits are appropriate"). Even applying a conservative 2:1 ratio to $3.5 million in individual compensatory damages, punitive damages could easily exceed the $5 million threshold. Adding

---

[1] For the avoidance of doubt, UCMC opposes any request for punitive damages and does not believe any such damages will be awarded in this case.

in attorneys' fees, which can reach millions of dollars in an ICFA case such as this one, there can be no doubt that CAFA's jurisdictional amount-in-controversy requirement is satisfied.

32. UCMC denies that Plaintiff, the Class, and the Subclass are entitled to any recovery whatsoever, but taking the CAC's allegations as true, the amounts claimed in this case on behalf of the Class and Subclass exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

### IV. PROCEDURAL MATTERS

#### A. Removal Is Timely.

33. This Notice of Removal is timely because it is being filed within 30 days after UCMC received a copy of the CAC, which it received when it was served on February 5, 2025. 28 U.S.C. § 1446(b); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *see* **Exhibit 1**.

#### B. Removal to Proper Court.

34. This Court is the appropriate court to which the Action must be removed because it is part of the "district and division within which such action is pending." 28 U.S.C. § 1446(a). Prior to removal, this Action was pending in the Circuit Court of Cook County, Illinois, located in Chicago, Illinois. *See* **Exhibit 1**.

#### C. Filing and Service.

35. A copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Circuit Court of Cook County, Illinois, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d).

**D.     Pleadings and Papers.**

36.     As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the Action are attached as **Exhibit 1**.

37.     UCMC reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant, The University of Chicago Medical Center, respectfully removes this action from the Circuit Court of Cook County, Illinois, Cause No. 2025CH00974, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: March 3, 2025                                        Respectfully submitted,

/s/ Daniel R. Campbell

**MCDERMOTT WILL & EMERY LLP**

Daniel R. Campbell
Chelsea Mounayer
Emilie E. O'Toole
William W. Hameline
444 W. Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email:  *dcampbell@mwe.com*
Email:  *cmounayer@mwe.com*
Email:  *eotoole@mwe.com*
Email:  *whameline@mwe.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Daniel R. Campbell, hereby certify that, on March 3, 2025, I caused the foregoing to be filed electronically using this Court's CM/ECF system, thereby serving such filing on all registered participants identified in the Notice of Electronic Filing in this matter on this date.

/s/ Daniel R. Campbell

**MCDERMOTT WILL & EMERY LLP**

Daniel R. Campbell
Chelsea Mounayer
Emilie E. O'Toole
William W. Hameline
444 W. Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: *dcampbell@mwe.com*
Email: *cmounayer@mwe.com*
Email: *eotoole@mwe.com*
Email: *whameline@mwe.com*

*Attorneys for Defendant*